## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DIAMOND HOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 24-2570-KHV |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, D/B/A AMTRAK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

On December 12, 2024, Diamond Holley filed suit against National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak"). Plaintiff alleges that another passenger sexually assaulted her, and that defendant was negligent in failing to prevent the assault or assist plaintiff. Specifically, plaintiff brings four counts: (1) negligence, (2) negligent training, (3) negligent supervision and (4) negligent infliction of emotional distress. This matter is before the Court on Defendant's Motion To Dismiss (Doc. #6) filed January 21, 2025. For reasons stated below, the Court sustains defendant's motion in part and overrules it in part.

### Legal Standards

Defendant seeks to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim

for relief, the Court draws on its judicial experience and common sense. <u>Iqbal</u>, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. <u>See id.</u>; <u>United States v. Herring</u>, 935 F.3d 1102, 1110 (10th Cir. 2019). Plaintiff bears the burden of framing her claims with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. <u>See</u> <u>Twombly</u>, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct. <u>Iqbal</u>, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent" with defendant's liability. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. <u>Id.</u> Similarly, where the well-pleaded facts do not permit the Court to infer more than mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief. <u>Id.</u> at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1248 (10th Cir. 2008).

## Factual Background

Plaintiff's complaint alleges as follows:

On November 22, 2023, plaintiff boarded an overnight Amtrak train from Kansas City, Missouri to Newton, Kansas. Shortly after the train departed, plaintiff left her seat and went to the café on the train. When plaintiff returned, another passenger was in her seat. Plaintiff notified an Amtrak employee on board the train, and the employee instructed plaintiff to sit in a different seat,

which was next to another passenger.  Plaintiff followed the employee's instruction and sat down.

When the cabin lights turned off, the passenger sexually assaulted plaintiff, touching her legs and

buttocks without her consent.  Plaintiff told the passenger not to touch her, but the passenger did

not stop.

Plaintiff reported the sexual assault to an Amtrack employee, but the employee ordered

plaintiff to return to the seat next to the assailant.  The sexual assault continued, and plaintiff again

reported it to the Amtrak employee, who repeatedly ordered plaintiff to return to the seat next to

the assailant.  Plaintiff feared repercussions of disobeying the Amtrack employee's orders.

Plaintiff was frozen with fear and felt forced to remain seated next to the assailant.  The passenger

continued to sexually assault plaintiff until the train arrived in Newton.

Shortly after the train arrived, Amtrak conducted an investigation and identified the

passenger who had sexually assaulted plaintiff.  Plaintiff requested the perpetrator's name, but

Amtrack refused to release it, thwarting any attempt to hold the assailant responsible for his

actions.

As a result of this incident, plaintiff sustained damages including but not limited to

(1) physical manifestations of stress and anxiety, (2) psychological trauma, (3) severe emotional

distress, (4) anxiety and depression, (5) loss of enjoyment of life and (6) medical expenses.

## Analysis

Defendant argues that under Rule 12(b)(6) Fed. R. Civ. P., the Court should dismiss

plaintiff's complaint.  Plaintiff's complaint consists of four counts.

## I.    Count 1: Negligence

Plaintiff alleges that the Amtrak employee was negligent in failing to assist her and

ordering her to return to her seat after she notified him that the passenger was sexually assaulting

her, and that Amtrack is vicariously liable.  Plaintiff alleges that Amtrak owed her a duty of reasonable care and breached that duty in one or more of the following respects: (1) failing to ensure her safety and security during transportation, (2) failing to exercise the highest degree of care to protect her from misconduct and assaults, including sexual assault, by fellow passengers when defendant knew of the threatened injury or reasonably might have anticipated it under the circumstances, (3) failing to take reasonable precautions to prevent personal attacks or misconduct by other passengers, (4) failing to maintain order and ensure the safety of passengers in Amtrak trains, (5) failing to use the highest degree of care and caution consistent with the practical operation of the railroad to provide for the safety and security of passengers while being transported, (6) failing to provide training to Amtrak employees who directly oversee, interact and/or work with passengers to prevent, intervene and/or protect passengers from sexual assault onboard Amtrak trains, (7) allowing a passenger to sexually assault plaintiff on or about November 22, 2023, (8) failing to adequately supervise passengers on or about November 22, 2023, (9) failing to implement a safety plan to prevent plaintiff from repeated incidents of sexual abuse or (10) failing to provide plaintiff an unredacted report that discloses the identity of her assailant.  Plaintiff alleges that defendant's negligence caused her (1) serious, permanent and progressive injuries that are medically diagnosable and (2) significant emotional distress, mental anguish and injury.

Negligence is "the lack of ordinary care or more specifically, the failure of a person to do something that a reasonably careful person would do, or the act of a person in doing something that a reasonably careful person would not do, measured by all the circumstances then existing." Elstun v. Spangles, Inc., 289 Kan. 754, 756, 217 P.3d 450, 453 (2009) (quotation and citation omitted).  To state a claim for negligence under Kansas law, plaintiff must allege that (1) defendant

owed a duty to plaintiff, (2) defendant breached that duty, (3) defendant's breach of duty caused the injury to plaintiff and (4) plaintiff suffered damages.  Shirley v. Glass, 297 Kan. 888, 894, 308 P.3d 1, 6 (2013).

Defendant argues that the Court should dismiss plaintiff's negligence claim because (1) the complaint does not plead facts which show that defendant knew or should have known that the passenger would sexually assault or pose a danger to plaintiff, (2) the complaint does not allege that the employee's failure to intervene or assist plaintiff proximately caused her injuries and (3) defendant had no duty to disclose to plaintiff the name of the alleged assailant.

A.   Whether The Complaint Alleges That Defendant Knew Or Should Have Known That The Passenger Would Sexually Assault Plaintiff

Defendant argues that the complaint fails to state a claim on which the Court can grant relief because defendant had no reason to know or expect that the passenger would sexually assault plaintiff, so it had no duty to protect her from the passenger's actions.  Plaintiff, however, does not claim that defendant was negligent in failing to prevent the very first instance of sexual assault. She alleges that defendant was negligent in failing to prevent the sexual assaults which occurred after she repeatedly alerted the employee, and the employee repeatedly ordered plaintiff to return to the seat next to the assailant.

The complaint adequately pleads facts which show that it was foreseeable to defendant that the passenger would continue to sexually assault plaintiff.  Accordingly, the Court overrules defendant's motion to dismiss on this ground.

B.   Whether The Complaint Alleges That The Employee's Failure To Intervene Proximately Caused Plaintiff's Injuries

Defendant next argues that the complaint fails to satisfy the requirements of proximate cause because it does not allege specific actions that defendant should have taken and how those actions would have prevented the sexual assault.  For instance, defendant argues that the complaint

does not allege that plaintiff asked to be reseated or that she could not re-seat herself.

Proximate cause is that which "in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act." Puckett v. Mt. Carmel Reg'l Med. Ctr., 290 Kan. 406, 420, 228 P.3d 1048, 1060 (2010) (quoting Idbeis v. Wichita Surgical Specialists, 285 Kan. 485, 499, 173 P.3d 642, 652 (2007)). Proximate causation has two components: causation in fact and legal causation. Montgomery v. Saleh, 311 Kan. 649, 659, 466 P.3d 902, 911 (2020). Causation in fact requires a cause-and-effect relationship between defendant's conduct and the resulting harm. Id. Legal causation requires that defendant's conduct "foreseeably create[s] a risk of harm and cause[s] or contribute[s] to the resulting harm." Id.

The complaint alleges that (1) plaintiff repeatedly informed the employee that the passenger was sexually assaulting her and would not stop, (2) the employee repeatedly ordered plaintiff to continue sitting next to her assailant and (3) plaintiff was frozen with fear and scared to disobey the order. It is plausible that because of the employee's repeated orders, plaintiff remained seated next to the assailant and suffered continued sexual assault. Further, the natural consequence of repeatedly ordering plaintiff to sit next to a known sexual assailant is that the assailant would continue to sexually assault her. The complaint plausibly alleges that defendant's actions proximately caused plaintiff's continued sexual assault. Accordingly, the Court overrules defendant's motion to dismiss on this ground.

C.    Whether The Complaint Alleges That Defendant Was Negligent In Failing To Release The Name Of The Assailant

Defendant next addresses plaintiff's claim that defendant was negligent in failing to release the name of the alleged assailant, arguing that it fails because under the Freedom Of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., defendant had no duty to release the name.

Under the FOIA, defendant did not have a specific duty to disclose the assailant's name. See 5 U.S.C. § 552 et seq. Further, the complaint does not plausibly allege that by failing to disclose the assailant's name to plaintiff, defendant breached any duty of reasonable care. Therefore, it fails to state a claim on which the Court can grant relief. Accordingly, the Court dismisses plaintiff's claim that defendant was negligent in failing to release the name of the assailant.

## II.     Counts 2–3: Negligent Training And Supervision

Defendant argues that the Court should dismiss Counts 2 and 3 because (1) they are not separate causes of action under Kansas law and (2) Federal Railroad Administration ("FRA") regulations, which set standards for training and supervision of railroad employees, preempt Kansas negligence law on that subject.

Under Kansas law, employers do not owe third parties a duty to train or supervise their employees. Reardon for Est. of Parsons v. King, 310 Kan. 897, 904–05, 452 P.3d 849, 855 (2019). Employers do have an overall duty to exercise reasonable care under the circumstances, and failing to train or supervise may constitute a breach of that duty. Id. While an employer's failure to train or supervise its employees are not independent causes of action, they may be evidence of failure to exercise reasonable care. Id. at 907, 452 P.3d at 857. Indeed, plaintiff can assert a negligence claim based on defendant's breach of its duty to exercise reasonable care by failing to adequately train or supervise its employees. See Saunders as next friend of R.S. v. USD 353 Wellington, No. 19-2538-DDC, 2021 WL 1210019, at *12 (D. Kan. Mar. 31, 2021) (Reardon does not preclude plaintiff from bringing claim labeled "negligent supervision of employees"); Granados v. Wilson, 317 Kan. 34, 47, 523 P.3d 501, 511–12 (2023) (whether specific conduct related to training or supervising employee is breach of duty is question of fact).

The complaint offers only conclusory statements that defendant negligently and carelessly failed to properly train and supervise its employees. The complaint does not allege any facts about defendant's training or supervision practices which make these allegations plausible. Accordingly, the Court dismisses plaintiff's claims of negligent training and negligent supervision.[1]

## III.    Count 4: Negligent Infliction Of Emotional Distress

Defendant argues that the Court should dismiss Count 4 because the complaint alleges neither outrageous conduct nor physical injury sufficient to support a claim for negligent infliction of emotional distress.

Kansas law has long prohibited any recovery for negligent infliction of emotional distress which is not accompanied by or does not result in physical injury. See e.g., Humes v. Clinton, 246 Kan. 590, 598, 792 P.2d 1032, 1038 (1990); Anspach v. Tomkins Indus., Inc., 817 F. Supp. 1499, 1509 (D. Kan. 1993); Payne v. Gen. Motors Corp., 731 F. Supp. 1465, 1474 (D. Kan. 1990). Physical injury must (1) directly result from the emotional distress allegedly caused by defendant's negligence and (2) appear within a short span of time after the emotional disturbance. Hoard v. Shawnee Mission Med. Ctr., 233 Kan. 267, 279, 662 P.2d 1214, 1222 (1983). The purpose of the physical injury rule is to guard against fraudulent or exaggerated claims. Maddy v. Vulcan Materials Co., 737 F. Supp. 1528, 1534 (D. Kan. 1990).

Emotional distress is a common experience in life and is usually trivial. Freeman v. Kan. State Network, Inc., 719 F. Supp. 995, 1001 (D. Kan. 1989). Thus, generalized physical symptoms of emotional distress are insufficient to support an emotional distress claim. See Schweitzer–Reschke v. Avnet, Inc., 874 F. Supp. 1187, 1196 (D. Kan. 1995) (feeling of anxiety, rapid heartbeat

---

[1]    Because the complaint fails to plausibly allege that defendant was negligent in training or supervising its employees, the Court need not decide whether these claims are preempted.

and sense of collapsing lungs insufficient); <u>Maddy v. Vulcan Materials Co.</u>, 737 F. Supp. 1528, 1534 (D. Kan. 1990) ("real-keyed up, nervous, anxious-type feeling, headaches" insufficient); <u>Anderson v. Scheffler</u>, 242 Kan. 857, 752 P.2d 667 (1988) (shock, emotional pain, feelings of guilt, recurring nightmares and depression insufficient); <u>Hopkins v. State</u>, 237 Kan. 601, 612–13, 702 P.2d 311 (1985) (insomnia, headaches, weight gain and general physical upset insufficient).

The complaint alleges that plaintiff sustained physical injuries resulting from emotional distress caused by defendant's negligence, including (1) physical manifestations of stress and anxiety and (2) psychological trauma requiring medical treatment. These generalized physical symptoms of emotional distress, however, are insufficient to support a claim for negligent infliction of emotional distress. <u>Majors v. Hillebrand</u>, 51 Kan. App. 2d 625, 628, 349 P.3d 1283, 1286 (2015) (collecting cases demonstrating that shock, weight gain, guilt, depression, headaches, diarrhea, nausea, crying, shaking, sexual problems, stress, anxiety, lack of sleep, general fatigue, PTSD, insomnia and nightmares are not physical injuries for purposes of claim for negligent infliction of emotional distress). The complaint does not allege the nature of plaintiff's injury or her symptoms. The complaint therefore does not plausibly allege that plaintiff suffered a tangible physical injury. Accordingly, the Court dismisses plaintiff's claim for negligent infliction of emotional distress.

## IV.    Plaintiff's Request For Leave To Amend Her Complaint

In her response, plaintiff includes a footnote stating that if the Court believes dismissal of any of her claims is proper, she "would seek leave to amend her complaint to cure any deficits." <u>Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss</u> (Doc. #10) filed February 11, 2025 at 2. Plaintiff states that "[f]or instance," she "would seek leave to amend to include allegations setting forth Amtrak's 'Terms and Conditions,' which sets forth the authority

Amtrak's agents have with regard to seating passengers and removing passengers from the train."
Id.

Rule 15(a), Fed. R. Civ. P., allows a party to amend her pleading with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a)(2). The Court should freely grant leave when justice so requires. Id. Generally, a party must file a motion to amend before the Court will grant leave to amend. Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1185–86 (10th Cir. 1999). A bare request in response to a motion to dismiss that leave be given to plaintiff to amend her complaint is insufficient. Id. at 1186. Moreover, it does not comply with D. Kan. Rule 15.1.[2] As a result, the Court denies plaintiff's request to amend her complaint. Any request to amend must comply with D. Kan. Rule 15.1.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss (Doc. #6) filed January 21, 2025 is **SUSTAINED as to plaintiff's claims for (1) negligence in failing to release the name of the passenger, (2) negligent training, (3) negligent supervision and (4) negligent infliction of emotional distress and is otherwise OVERRULED.**

Dated this 14th day of March, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]    The local rule states:

A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
(1) set forth a concise statement of the amendment or leave sought;
(2) attach the proposed pleading or other document; and
(3) in the case of a proposed amended pleading, a non-pro se filer must also attach a redlined version of the proposed amendment that shows all proposed changes to the pleading; and
(4) comply with the other requirements of D. Kan. Rule 7.1.

D. Kan. Rule 15.1.